

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-59,024-04

### EX PARTE ROBERTO CASTANON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 97-CR-0827-B
### IN THE 138TH DISTRICT COURT FROM CAMERON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and was sentenced to imprisonment.[1]

Applicant raises several claims in his habeas application. In support of his claim of actual innocence, Applicant provides an affidavit purportedly made by Hector Garza. Garza had testified at Applicant's trial that Applicant had used a handgun to rob the complainant. Garza now allegedly recants his trial testimony in part. He maintains that Applicant robbed the complainant, but he states that his and the complainant's testimonies that a handgun was used was false and that he and the

---

[1] The indictment alleged that Applicant "in the course of committing theft and with the intent to obtain and maintain control of the property to be stolen, intentionally and knowingly threatened and placed [the complainant] in fear of imminent bodily injury by using and exhibiting [a] deadly weapon, to wit, a handgun, which in the manner of [its] use or intended use was capable of causing serious bodily injury."

complainant were pressured by the State to falsely testify because they had reported to police that Applicant had used a handgun. The affidavit in the habeas record is not signed or dated. The affidavit, however, indicates it is "page 1 of 2" (it is located at page 34 of the habeas record forwarded to this Court), but the habeas record does not contain a second page to the affidavit.

The trial court shall order the Cameron County District Clerk to supplement the habeas record to this Court with a copy of the second page of the affidavit if it was filed or a statement from the clerk indicating that no second page to the affidavit was filed. The trial court shall also make findings of fact regarding whether the affidavit is credible and a recommendation to this Court regarding whether Applicant's claim that he is not guilty of using a handgun to commit the robbery has merit. *See Ex parte Weinstein*, 421 S.W.3d 656 (Tex. Crim. App. 2014); *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996).

To make the findings and recommendation, the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of the date of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: July 23, 2014
Do not publish